## No. 336.

### ST. CHARLES ST. RAILROAD COMPANY *v.* BOARD OF ASSESSORS.

1. Assessments are presumed correct until the contrary be clearly shown.
2. In assessing stock, in an incorporated company, an assessment fixing as its value, the average of market quotations of such stock, for and during the first three months of the year, is fair and will be upheld.
3. Where a witness has substantially testified to all the facts stated in a certain memorandum in his possession, and, subsequently, the memorandum itself is offered and received over objection—held, the question is not of sufficient practical interest to merit review.

*Appeal from Civil District Court, Division B.　Houston, J.*

*Breaux & Hall* for plaintiff, appellant.

*Wynne Rogers* and *L. O'Donnell* for defendant, appellee.

McGLOIN, J.—The plaintiff, an incorporated stock company, complains that for the year 1883, its capital stock was assessed at $745,731, upon a computation of $63 per share; that, in proper time, it made application for a reduction of said assessment to $722,057, or at the rate of $61 per share.

The assessment in question having been made under the provisions of Section 28, of Act 96 of 1882, it is not entirely clear that the Company itself has a cause of action for a reduction of assessment upon its shares of stock. But, be this as it may, we do not consider that, in any case, plaintiff is entitled to judgment.

The evidence establishes the fact that previous to making the original assessment, the chief clerk of the assessor, under the directions of his principal, took an average of the valuations

during January, February and March of the year in question, such valuation being shown by reports furnished regularly by the assessors office by the stock exchange of this city, and that the average thus secured was used as the basis of this assessment. The fluctuating nature of property such as that in question renders it a matter of considerable difficulty to fix upon a figure at what to assess it. Nevertheless, the unstable character of its values, cannot exempt it from taxation, hence it must be in some way listed and assessed. So, under existing laws assessment must be made during the early portion of the year, hence the assessors must do the best they can to fix values during the early portion, and the chances of subsequent rise or fall must be taken by the state on one hand and the parties on the other. In view of the circumstances therefore, we consider that the method adopted in this case by the assessor was just and proper. Nor has plaintiff succeeded in making a sufficient adverse showing. The year is composed of 12 months, and out of these the assessor took the three first and adopted the average shown. Plaintiff, selecting a particular date in the month immediately following asked to have the quotation of that day accepted in place of the one which had served the assessors. Then, upon trial, plaintiffs further offered a certificate from the stock exchange covering the period from April 13, 1883, to May 11 following (less than 30 days) showing depreciation.

The law clothes the action of assessors with a presumption which entitles their valuation to stand until satisfactory evidence is adduced establishing error upon their part. City of N. O. vs. La. Savings Bank and Safe Deposit Company, 31 La. Ann. 826; Tregar vs. Clayton, 1 McGloin 228.

Nor can it be pretended that for the purpose of fixing upon some definite valuation for a period of twelve months, the data given by plaintiff is any more reliable, or even so reliable, as that taken by the assessors? We think not.

Plaintiff presents to our notice an objection by him taken and reserved the testimony of the chief clerk, Javis, which

testimony disclosed the motive *aberandi* of assessment in this particular case. We find upon an examination of the record that all the material facts had been fully testified to by the witness before any objection was interposed, and then the objection was not to the testimony which was being given but to the use of the memorandum which the witness holds in his hands, which is not the best evidence.

We presume that the intention of this objection was to prevent the introduction in evidence of the memoranda in question. Indeed the brief of counsel for plaintiff took the objection before us in this manner.

In as much as the witness had already stated the facts very fully, we do not consider that the pencil memoranda of his calculation could add much, except perhaps corroboration. We therefore see no material interest which calls for a determination of the question presented by the bill.

Nor has he given weight to the general statement of the witness for plaintiff that, "after that time" (no doubt May 11, 1883) the stock in question had gone down to $58. This witness testified on the 24, April 1884, when, or how long it came down to or remained at that low figure he does not state. It may have been in 1884, a period of time not involved, or it may have only been temporary and followed by a very great appreciation.

Judgment affirmed at costs of plaintiff and appellant.